IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE SARGENT,

          Plaintiff,              No. CIV S-09-1472 GGH P

    vs.

P. STATTI, et al.,

          Defendants.         ORDER

_____/

        Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.[1]  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motions for the appointment of counsel will therefore be denied.

\\\\\

---

[1]  Of course, in this case, plaintiff has not yet even qualified for in forma pauperis status (see discussion below).

1          Plaintiff has also filed a motion asking for special consideration with regard to

2  compliance with the Local Rules and copying documents because his "situation is complicated,"

3  and he is in administrative segregation.  Motion, filed on June 10, 2009 (docket # 10).  He also

4  asks for appointed counsel or a paralegal to help him file and serve documents.  By Order, filed

5  on August 7, 2009 (# 22), the court determined that plaintiff's first amended complaint was

6  appropriate for service; however, plaintiff has not as yet been found qualified to proceed in forma

7  pauperis.  If plaintiff files the appropriate documentation to support his request for in forma

8  pauperis status pursuant to the August 7, 2009 (#22), Order, and also makes a showing that he is

9  unable to obtain the copies he needs to serve his first amended complaint, plaintiff may submit a

10  motion to the court specifically identifying who is denying him the requisite copies for service of

11  his amended complaint as well as providing the precise circumstances under which he is being

12  denied the copies.   As to his additional request for appointed counsel, the court has previously

13  stated that it has not found the requisite exceptional circumstances in this case.

14          On August 3, 2009 (# 20), an inmate named George Bastida, filed a separate

15  complaint which he characterized as a "joinder" to the instant case.  The gravamen of Inmate

16  Bastida's complaint against defendant High Desert State Prison officials centers on the manner of

17  the processing, or lack thereof, of grievances at HDSP.  This filing by another individual is

18  wholly inapposite within the instant case and will be stricken.  If Inmate Bastida seeks to proceed

19  on his allegations, he cannot piggyback on this action and must file a new and separate case.

20          Accordingly, IT IS HEREBY ORDERED that:

21          1.  Plaintiff's May 28, 2009, June 10, 2009, July 7, 2009, and July 22, 2009,

22  motions for the appointment of counsel (docket # 3, # 7, # 10, # 11 and # 14) are denied;

23          2.  Plaintiff's request for court assistance with regard to obtaining copies, filed on

24  June 10, 2009 (# 10), is denied as premature and insufficiently supported; and

25  \\\\\\

26  \\\\\\

1    3.  The Clerk of the Court is to strike Inmate Bastida's inapposite "joinder" and

2 complaint, filed on August 3, 2009 (# 20), from the docket of this case; should this inmate elect

3 to proceed on his complaint, he must file a new and separate action.

4 DATED: August 11, 2009

5

6                /s/ Gregory G. Hollows

7                GREGORY G. HOLLOWS
                 UNITED STATES MAGISTRATE JUDGE

8 GGH:009
 sarg1472.31+

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26