IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE SARGENT,

    Plaintiff,                    No. CIV S-09-1472 GGH P

    vs.

P. STATTI, et al.,

    Defendants.          <u>ORDER</u>

_____/

        In response to plaintiff's August 6, 2009 (docket # 21), ex parte request for immediate injunctive relief alleging an imminent threat of an attack by his cellmate, construed as a motion for a Temporary Restraining Order (TRO), this court, by <u>Order</u>, filed on August 7, 2009 (dkt # 23), directed the Attorney General and the pertinent defendants to take any steps necessary to determine whether plaintiff was in imminent danger in his current housing arrangement and gave an August 14, 2009, deadline for a response to plaintiff's motion. On August 12, 2009, the Office of the Attorney General filed a timely opposition.[1] Dkt # 26. The court notes that plaintiff has consented to the jurisdiction of the undersigned (dkt # 6) and that defendants have not yet

---

[1] On August 7, 2009, by separate <u>Order</u> (# 22), the court also found plaintiff's amended complaint conditionally appropriate for service, the condition being that plaintiff must file a completed application to proceed in forma pauperis within thirty days of the date of that order, after which it could be determined whether plaintiff may proceed in forma pauperis.

1

been served and have not yet appeared in this action.

In his request for a TRO, plaintiff averred that he was in fear of an imminent attack by his cellmate, Mike Nichols, because Nichols was "known for beating up sex offenders," and although plaintiff is "not a sex offender," his prison file indicates otherwise. Dkt # 21, pp. 1-2. Inexplicably, Nichols was supposedly provided plaintiff's "papers" by unnamed prison officials, and although Nichols evidently "didn't glance at them," plaintiff apparently felt compelled to attempt to offer an explanation to Nichols, which left plaintiff under a threat of harm. Id. In the response from the Attorney General's Office, it is noted, inter alia, that plaintiff has been moved, as of August 10, 2009, out of the cell, and into a single cell in a different building, and is awaiting a future determination of appropriate housing by the Institutional Classification Committee. See Opp., p. 2 & Declaration of Correctional Sergeant Amero (dkt # 26). Plaintiff must now show cause, by August 28, 2009, why his request for a TRO, alleging that he is "under an immediate threat of being physically harmed" from his cellmate (dkt # 21, p. 2), has not now been rendered moot.

Accordingly, IT IS ORDERED that:

1. Plaintiff has until August 28, 2009, to demonstrate how his request for a TRO, filed on August 6, 2009 (dkt# 21), has not been rendered moot by his having been removed from his cell and into a different building outside of the proximity of the cellmate who was the subject of his request for immediate injunctive relief. Plaintiff's failure to respond timely will result in denial of any form of immediate injunctive relief; further, any failure to make a sufficient showing of cause in any timely response will result in a denial of a TRO as moot.

2. The Clerk of the Court is directed to serve a copy of this order upon Deputy Attorney General Kelli Hammond.

DATED: August 17, 2009              /s/ Gregory G. Hollows

                                    GREGORY G. HOLLOWS
                                    UNITED STATES MAGISTRATE JUDGE

GGH:009 - sarg1472.osc