IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE SARGENT,

   Plaintiff,       No. CIV S-09-1472 GGH P

  vs.

P. STATTI, et al.,

   Defendants.     <u>ORDER</u>

_____/

   Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On August 7, 2009, by <u>Order</u> (docket # 22), the court found plaintiff's amended complaint conditionally appropriate for service, the condition being that plaintiff must file a completed application to proceed in forma pauperis within thirty days of the date of that order, after which it could be determined whether plaintiff might proceed in forma pauperis. Plaintiff has timely submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 5.63 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1    Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the
2    preceding month's income credited to plaintiff's prison trust account.  These payments will be
3    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
4    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
5            On August 24, 2009, plaintiff filed a motion for leave to file an amended
6    complaint, construed as a motion for leave to file a second amended complaint, as this matter is
7    currently proceeding on plaintiff's first amended complaint.  Plaintiff was permitted to proceed
8    upon a first amended complaint as of right.  See Fed. R. Civ. P. 15(a).  In the Order, filed on
9    August 7, 2009 (dkt # 22), referenced above, the court struck various plaintiff's subsequent
10   supplements and addenda to the first amended complaint as violative of L.R. 15-220, but also
11   informed plaintiff that he must file any motion for leave to amend and a proposed second
12   amended complaint, incorporating all claims upon which he wished to proceed within thirty days.
13   Although plaintiff's filing was timely, the court, upon review of the proposed second amended
14   complaint, which includes additional allegations and newly named defendants, will strike it
15   without prejudice at this time.  The undersigned has determined that defendants should be
16   permitted to respond to plaintiff's motion to proceed upon a second amended complaint, which
17   requires that they first be served with the pending first amended complaint.  In addition, some of
18   the allegations of the proposed second amended complaint appear, on the face of it, to be
19   administratively unexhausted.  For example, in the proposed second amended complaint,
20   plaintiff recounts the August 2009, incident (or a version of it) that is the subject of plaintiff's
21   recent request for a TRO, a claim which necessarily cannot have been exhausted
22   administratively.  Motion for leave to amend (dkt # 31), pp. 8-9.
23           Exhaustion of prison administrative procedures is mandated regardless of the
24   relief offered through such procedures.  Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819,
25   1825 (2001).  A remedy is available for purposes of § 1997e(a) as long as the administrative
26   process has authority to take some action in response to the prisoner's grievance, even if the

action that might be taken is not the remedial action sought by the prisoner. Id. at 736 & n. 4, 121 S. Ct. at 1823 & n.4. Courts may not read futility or other exceptions into the statutory exhaustion requirement of the PLRA. Id. at 741 n.6, 121 S. Ct. at 1825.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). It is clear that under 42 U.S.C. § 1997e(a) no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted.   McKinney v. Carey, 311 F.3d 1198. If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, supra, 315 F.3d at 1120.  In the present case, plaintiff's complaint contains at minimum an implicit concession of nonexhaustion when he seeks to incorporate allegations arising from events alleged to have occurred a matter of days prior (and certainly within the same month) as the date of the filing of the proposed second amended complaint.

In the August 7, 2009 (dkt # 22), Order, plaintiff was also directed to complete and return to the court, within thirty days, the USM-285 forms and copies of his complaint which are required to effect service on the defendants. On September 3, 2009, plaintiff submitted the USM-285 forms and copies but failed to file the USM-285 form for defendant Statti.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 31, 2009 (docket # 34), request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 5.63. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to return the copy of the complaint submitted by plaintiff on June 10, 2009; and

4.  Within thirty days, plaintiff shall submit to the court the USM-285 form for defendant Statti required to effect service. Failure to return the copies within the specified time period will result in a recommendation that this action be dismissed.

5.  Plaintiff's August 24, 2009 (docket # 31), motion for leave to file a second amended complaint is denied and the proposed second amended complaint is stricken, both without prejudice.

DATED: September 17, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/md
sarg1472.8f+