IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE SARGENT,

        Plaintiff,                       No. CIV S-09-1472 GGH P

    vs.

P. STATTI, et al.,

        Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On January 6, 2010, plaintiff filed a motion for a temporary restraining order (TRO) alleging that defendants were the agents of an "unprovoked physical assault" upon him after he had been removed from his cell at High Desert State Prison to be transferred to the central treatment clinic on December 2, 2009. See TRO Motion (docket # 45), pp. 1-2. Plaintiff contends that the defendants did not write up a disciplinary action or informational chrono regarding this alleged incident and clinic medical staff "refused to author a body sheet upon plaintiff's request," wherein plaintiff evidently sought to have documented injuries he states that he sustained as a result of the attack, including bruised ribs, right shoulder lacerations, and a contusion over his left eye. Id., at 2. Plaintiff also claims to have been in waist chains when the alleged attack occurred. Id. Plaintiff further alleges, without specifying when it occurred or any other details, that all of his personal property, including his legal files, have been destroyed as a

result of his having brought, presumably, the instant action. Id. In addition, plaintiff claims to have been held in administrative segregation since September 30, 2008, without any pending disciplinary action or charges against him. Id. Plaintiff goes on to claim that he has been denied meaningful access to an adequate law library, has been physically and emotionally abused "in a torturous manner," has recently had a ten-year prison sentence arbitrarily imposed upon him, all as forms of retaliation. Id., at 3. The forms of relief that plaintiff seeks as a result of his wide-ranging, insufficiently specific, allegations include an injunction keeping defendant McDonald, HDSP warden, and all subordinate prison officials 500 feet from plaintiff; an order to an individual, Timothy Lockwood, whom plaintiff identifies as a defendant but who is not a defendant in this action, to cooperate in placing plaintiff immediately in the Federal Witness Protection Program; and an order for an independent federal review of recent, unspecified parole board findings.

A previous motion for immediate injunctive relief brought by plaintiff was denied as moot, by Order filed on September 17, 2009 (dkt # 36), when after alleging an imminent threat of an attack by his cellmate, plaintiff was subsequently moved and placed in a single cell in a different building.[1] The court has previously noted that plaintiff has alleged his status as a "special interest" inmate who has been in both federal and state custody due to safety concerns arising from plaintiff's assistance in the prosecution of Pelican Bay State Prison staff. Dkt # 23, p. 1.

TRO

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the

---

[1] Plaintiff has consented to the jurisdiction of the undersigned (dkt # 6). The court, by Order filed on October 30, 2009 (dkt # 43), has directed service of plaintiff's amended complaint upon defendants but they have not as yet appeared in this action.

hearing on a preliminary injunction.  It is apparent, however, that requests for temporary restraining orders which are not <u>ex parte</u> and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  <u>See</u> <u>New Motor Vehicle Bd. v. Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch. Dist. v. United States Dist. Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); <u>Century Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  To the extent that this purports to be an ex parte motion for a TRO without notice, plaintiff has been previously informed that there are stringent requirements to be imposed under Fed. R. Civ. P. 65 for issuance of such an order, which, once again, plaintiff clearly has not met.  <u>Reno Air Racing Ass'n., Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir. 2006).  Rule 65(b) permits issuance of a TRO without "notice to the adverse party or its attorney, only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury...will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." [2]

       Plaintiff's motion is inadequate because, in addition to overreaching in the forms of relief that he seeks and including requests for relief that do not appear to relate to the alleged attack which, apparently, was the initial basis for the motion, he fails to provide adequate information for the court to order any form of relief.  Plaintiff does not sufficiently identify the circumstances of his attack, i.e., by whom he was actually attacked and how he knows that any defendant (none of whom he specifies) could have been the agency of any such assault.  Speculative injury does not constitute irreparable harm.  <u>Goldies' Bookstore, Inc. v. Superior Court of the State of California</u>, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown, although the injury need not be certain to occur.  <u>See</u> 11 C. Wright & A.

---

[2] Although plaintiff proceeds without counsel, he should nevertheless provide any efforts he made to provide notice to defendants and any reasons why notice to defendants should not be required.

Miller, Federal Practice and Procedure, § 2848 (1973).

   Moreover, plaintiff undermines his TRO request by piggybacking allegations that appear to have no relation to the attack to which he claims to have been subject. Plaintiff's request for a TRO will be denied without prejudice to plaintiff's providing additional information in support of his request by motion/affidavit.

   Accordingly, IT IS ORDERED that plaintiff's motion for a temporary restraining order, filed on January 6, 2010 (dkt # 45), is denied without prejudice.

DATED: January 14, 2010     /s/ Gregory G. Hollows

              GREGORY G. HOLLOWS
              UNITED STATES MAGISTRATE JUDGE

GGH:009
sarg1472.ord(2)

4