IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE SARGENT,

      Plaintiff,                    No. CIV S-09-1472 GGH P

    vs.

P. STATTI, et al.,

      Defendants.               ORDER

_____/

        By Order, filed on October 30, 2009, this court directed the U.S. Marshal to serve the amended complaint, filed on June 10, 2009, upon defendants, among whom is included the High Desert State Prison Warden, Mike McDonald. No waivers of service have yet been received from any defendant. On February 10, 2010, plaintiff filed a "motion for injunctive relief," which the court construes as a motion for preliminary injunctive relief, wherein plaintiff contends that he remains the subject of retaliatory actions stemming from his cooperation in criminal trials against former prison guards. Motion, p. 2. An motion for a temporary restraining order by plaintiff, alleging that he was under an imminent threat of an attack by his cellmate was ultimately denied as moot, after the Attorney General's Office indicated that plaintiff subsequently had been moved to single cell housing in a different building, which change in housing plaintiff conceded. See Order, filed on September 17, 2009.

1

In his amended complaint (p. 5), plaintiff alleges, inter alia, that he is "an inmate of special interest" to the California Department of Corrections and Rehabilitation due to safety concerns apparently arising from his past cooperation/assistance in the prosecution of Pelican Bay State Prison departmental staff. Plaintiff has evidently been in both federal and state custody due to safety concerns over the last number of years. Plaintiff has alleged that his current placement in High Desert State Prison places him at greater risk of being assaulted or killed.

The gravamen of his amended complaint is that he is being ethnically mis-identified as white when he is "a Native American Indian enrolled in a federally recognized tribe" and is being subjected to racial discrimination, has been denied access to Native American religious services; he also alleges that he has had his attempts to appeal frustrated and has been subjected to retaliation in the form of the threat of physical harm. Amended Complaint, pp. 2, 7, 10-13.

In his present motion,[1] plaintiff, inter alia, specifically alleges that Correctional Officers Callison, Smith and Rainey beat and kicked him on December 2, 2009, after which he felt compelled to go on suicide watch to be removed from the proximity of these officers, and when he asked a nurse to document his injuries from the claimed beating, she refused. Motion, pp. 5-6. Upon being returned to his cell, plaintiff discovered that all of his property had been destroyed. Id., at 6. Plaintiff refuses to eat his dinner meals because C/O's Callison, Smith and Rainey throw his dinner trays on the floor. Id.

Due to the concerns plaintiff raises with regard to his physical safety in his most recent motion, the court will direct a response from defendant McDonald within seven days. The court is cognizant of the demands placed upon prison officials and the Attorney General by

---

[1] Plaintiff brought a prior motion for a temporary restraining order wherein plaintiff referenced an attack made upon him on December 2, 2009, but failed to adequately identify his alleged attackers, raised issues having no apparent relation to the attack, and significantly overreached in the forms of relief that he sought, was denied without prejudice. See Order, filed on January 14, 2010.

2

having to respond to seriatim preliminary injunction motions, and also is cognizant that plaintiff may be suffering from illnesses which create the perception of retaliation. However, the court will entertain one more preliminary injunction motion in this case.

Accordingly, IT IS ORDERED that:

1. Defendant Warden McDonald must respond to plaintiff's motion, filed on February 10, 2010, construed as a motion for preliminary injunctive relief, within seven (7) days.

2. In the interim, the Attorney General and defendant Warden McDonald must forthwith take any steps necessary to ascertain whether plaintiff is in imminent danger from the officers identified above or any others.

3. The Clerk of the Court is directed to send a copy of the amended complaint, filed on June 10, 2009 (#9), a copy of plaintiff's "motion for injunctive relief," filed on February 10, 2010 (# 48), and a copy of this order upon Monica Anderson, Supervising Deputy Attorney General; upon Jennifer Neill, Supervising Deputy Attorney General; and upon Kelli Hammond, Deputy Attorney General.

4. In addition, the Clerk of the Court is directed to mail a copy of the first amended complaint, filed on June 10, 2009 (#9), a copy of plaintiff's "motion for injunctive relief," filed on February 10, 2010 (# 48), and a copy of this order upon defendant Warden Mike McDonald, High Desert State Prison, 475-750 Rice Canyon Road, P.O. 750, Susanville, CA 96127.

DATED: February 24, 2010 /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
sarg1472.rsp